IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 FEB -3 P 3: 54

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

MONICA JEFFRIES,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Case No.: GJH-15-473

**MEMORANDUM OPINION**

This is a failure-to-accommodate and retaliation case brought by Plaintiff Monica Jefferies, proceeding pro se, against her former employer, Wal-Mart Stores East, LP[1] ("Wal-Mart") for purported violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* This Memorandum Opinion and accompanying Order address Wal-Mart's Motion to Dismiss, ECF No. 8, and Plaintiff's Motion for Leave to File a Surreply, ECF No. 17. The Court has reviewed the record and deems a hearing unnecessary. *See* Loc. R. 105.6 (D. Md.). For the reasons stated herein, Plaintiff's Motion for Leave to File a Surreply is denied and Wal-Mart's Motion to Dismiss is granted.

---

[1] In the Complaint, Plaintiff named "Walmart Stores Inc." as the Defendant in this matter. In its Motion to Dismiss, Wal-Mart indicates that the correct entity is Wal-Mart Stores East, LP. The Court, therefore, will order that the Clerk amend the docket to reflect the Defendant's proper name.

## I.     BACKGROUND

According to the Complaint, Plaintiff was terminated from her employment with Wal-Mart in 2013,[2] during which she was suffering from Stage III breast cancer and a work-related injury which she sustained in September 2013. ECF No. 1 at ¶ 8. Plaintiff alleges that her termination was an "unlawful employment practice[]" which was "intentional with wrongful and reckless disregard for [P]laintiff and her proven ability to return to work" and was "done with malice and or reckless indifference to the federally protected rights of [Plaintiff]." *Id.* at ¶¶ 10–11. The Complaint alleges that "[s]ince at least 2012, [Wal-Mart] has maintained an inflexible leave policy which does not provide for reasonable accommodation of employees with disabilities and which instead provides for termination of their employment, in violation of [the ADA]." *Id.* at ¶ 12.  Additionally, the Complaint alleges that Plaintiff "is of the belief that [Wal-Mart] continued to retaliate against [P]laintiff . . . by terminating her position without entering into the interactive process as required under the ADA . . . ." *Id.* at ¶ 10. Finally, Plaintiff alleges that Wal-Mart has denied her unemployment and workers' compensation benefits. *Id.* at ¶ 12.

On February 15, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination and retaliation. ECF No. 1-4. She received a right to sue notice from the EEOC on January 29, 2015, in which she was instructed that she had ninety days to file a lawsuit in federal court. ECF No. 1-5. Plaintiff filed her Complaint in this Court on February 18, 2015, and Wal-Mart moved to dismiss the Complaint on May 27, 2015. ECF Nos. 1 & 8. On June 16, 2015, Plaintiff filed a "Memorandum of Law in Support of her Motion to Dismiss Defendant's Motion to Dismiss

---

[2] In its Motion to Dismiss, Wal-Mart contends that its employment records indicate that Plaintiff was terminated in September 2014 and "[t]hus, Walmart does not dispute the timeliness of Plaintiff's filing of her underlying administrative charge in this action." ECF No. 8-1 at 1 n.3. The Court, however, assumes the truth of the facts alleged in the Complaint.

Plaintiff's Complaint," which the Clerk construed as a response in opposition to Wal-Mart's

Motion to Dismiss. ECF No. 10. In her response, Plaintiff alleged additional facts not mentioned

in the Complaint, including that her work-related injury was to the forefront of her left leg, which

required her to wear a boot; that when she started working at Wal-Mart, "[a]s a condition of her

employment, [P]laintiff disclosed that she was in treatment for cancer and needed to be off for

such treatments"; that Plaintiff gave Wal-Mart verbal and written notice of her disability on more

than three occasions; that Wal-Mart decided to terminate her employment after she filed for

workers' compensation and unemployment benefits; and that she suffers from "severe

depression." ECF No. 10 at 2–3, 5, 7. In its reply memorandum, Wal-Mart argued that these new

facts nevertheless failed to state a claim under the ADA. *See* ECF No. 15. Plaintiff then filed a

Motion for Leave to File a Surreply, ECF No. 17, which Wal-Mart has opposed. ECF No. 18.

## II.    MOTION FOR LEAVE TO FILE SURREPLY

Although not chronological, the first issue to be considered is Plaintiff's Motion for

Leave to File Surreply. "As a general rule, this Court will not allow parties to file sur-replies."

*see Nicholson v. Volkswagen Grp. of Am., Inc.*, No. CIV.A. RDB-13-3711, 2015 WL 1565442,

at *3 (D. Md. Apr. 7, 2015) (citing Local Rule 105.2(a) (D. Md.); *MTB Servs., Inc. v. Tuckman–

Barbee Const. Co.,* No. 1:12–cv–02109–RDB, 2013 WL 1224484, *6 (D.Md. Mar.26, 2013)). In

*MTB Services*, the Court explained that a "party moving for leave to file a surreply must show a

need for a surreply." *Id.* (internal citation omitted). The Court may permit a plaintiff to file a

surreply if "a defendant raises new legal issues or new theories in its reply brief." *Id.* (citing

*TECH USA, Inc. v. Evans,* 592 F.Supp.2d 852, 862 (D.Md.2009)). Even further "[s]urreplies

may be permitted when the moving party would be unable to contest matters presented to the

3

court for the first time in the opposing party's reply." *MTB Servs.,* 2013 WL 1224484 at \*6; *see also Khoury v. Meserve,* 268 F.Supp.2d 600, 605 (D.Md.2003).

Here, Plaintiff introduced facts not alleged in the Complaint in her response in opposition to Wal-Mart's Motion to Dismiss, and Wal-Mart took the opportunity in its reply brief to explain why, even considering these additional facts, Plaintiff's Complaint failed to state a plausible claim for relief. Although such argument may be considered "new," Plaintiff need not be given an opportunity to respond to that argument because, as will be further explained below, the additional facts alleged in Plaintiff's response to Wal-Mart's Motion to Dismiss must be disregarded. The Court, therefore, will not consider Wal-Mart's arguments with respect to the new facts alleged in Plaintiff's response, and, therefore, no surreply is necessary. Plaintiff's Motion is therefore denied.

## III.    MOTION TO DISMISS

### A.  Standard of review

Wal-Mart has moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). To survive a motion to dismiss invoking Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be more than "labels and

4

conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also id.* ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235–36 (3d ed. 2004)). A complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *See id.* at 679 (citing Fed. Rule Civ. Proc. 8(a)(2)). Additionally, although pleadings of self-represented litigants must be accorded liberal construction, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Discussion

Although not set out as such, Plaintiff's Complaint raises three distinct causes of action: (1) failure to accommodate under the ADA; (2) retaliation; and (3) denial of unemployment and workers' compensation benefits. The Court will consider each issue in turn.

In a failure-to-accommodate case under the ADA, a plaintiff establishes a prima facie case by showing "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the

5

[employer] refused to make such accommodations." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001) (quoting *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999)). An individual is within the ADA's protected class if she is "a qualified individual with a disability," 42 U.S.C. § 12112, and "disability" is defined by the statute as "a physical or mental impairment that substantially limits one or more of the major life activities of an individual, a record of such an impairment, or being regarded as having such an impairment." *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702–03 (4th Cir. 2001) (citing 42 U.S.C. § 12102(1)).

Although Plaintiff alleges in the Complaint that she suffers from breast cancer, the Complaint goes no further in satisfying the definition of a "disability" under the ADA, nor does it allege any other facts with respect to any other element of her failure-to-accommodate claim. Cancer certainly may qualify as a "disability" under the ADA, but Plaintiff has failed to allege any facts with respect to how it "substantially limit[ed] one or more of [her] major life activities." 42 U.S.C. § 12102(1). The Complaint is also devoid of any facts with respect to whether Wal-Mart had notice of Plaintiff's disability, what accommodations the Plaintiff required to perform her job responsibilities, and whether those accommodations were denied. Thus, Plaintiff's ADA failure-to-accommodate claim must be dismissed.[3]

The ADA's retaliation provision provides, in relevant part, "[n]o person shall discriminate against any individual because such individual . . . made a charge . . . under this chapter." 42 U.S.C. § 12203(a). "To establish a prima facie retaliation claim under the ADA, a plaintiff must prove (1) [s]he engaged in protected conduct, (2) [s]he suffered an adverse action,

---

[3] Although the Court assumes Plaintiff is intending to raise a failure-to-accommodate claim, the assumption is only that. Plaintiff may intend to allege a wrongful discharge claim under the ADA, which requires proof of the following elements: "(1) [the plaintiff] is within the ADA's protected class; (2) [s]he was discharged; (3) at the time of [her] discharge, [s]he was performing the job at a level that met [her] employer's legitimate expectations; and (4) [her] discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Rhoads*, 257 F.3d at 387 n.11 (internal quotation marks and citation omitted). The Complaint as it currently stands fails to satisfy the elements of such a claim, but Plaintiff is free to allege additional facts in an Amended Complaint to properly raise it.

and (3) a causal link exists between the protected conduct and the adverse action." *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012). Plaintiff alleges that Wal-Mart terminated her employment, which is, of course, an adverse action, but she has failed to allege any other element of a retaliation claim.

Although Plaintiff's opposition to Wal-Mart's Motion to Dismiss further elucidated the facts in support of her claims, a plaintiff "cannot, through the use of motion briefs, amend the complaint." *Zachair Ltd. v. Driggs*, 965 F.Supp. 741, 748 n. 4 (D.Md.1997); *see also Johnson v. SecTek, Inc.*, No. CIV.A. ELH-13-03798, 2014 WL 1464378, at *2 (D. Md. Apr. 14, 2014). The Court will, however, grant plaintiff leave to amend her Complaint to add factual allegations to satisfy the requirements for pleading a claim under the ADA. In other words, plaintiff may file an Amended Complaint containing, (1) the facts she included in her original Complaint; (2) the facts she included in her Opposition to the motion to dismiss; and (3) any other facts in support of her claim under the ADA.

Finally, to the extent Plaintiff intends to raise any claims respecting the denial of unemployment and workers' compensation benefits, those claims must be dismissed.[4] Remedy for those claims must be pursued before the proper Maryland state agencies and state courts. First, with respect to any claim for workers' compensation benefits, the Maryland Workers' Compensation Act provides the exclusive remedy for injury to an employee arising out of and in the course of her employment. *See* Md. Code Ann., Lab. & Empl. § 9-509; *Hart v. Harbor Court Assocs.*, 46 F. Supp. 2d 441, 444 n.4 (D. Md. 1999). Those claims must be first brought before the Maryland Workers' Compensation Commission and appealed to a Maryland circuit court.

---

[4] In her response in opposition to Wal-Mart's Motion to Dismiss, Plaintiff stated that she "does not seek refuge from this [C]ourt for compensation for [u]nemployment and [w]orkers' [c]ompensation [b]enefits" but rather that she included those allegations to "demonstrate the continued willful, wanton[], . . . reckless disregard and harassment" that she alleges she has had to endure as a result of Wal-Mart's conduct. ECF No. 10 at 10.

*See* Md. Code Ann., Lab. & Empl. §§ 9-714, 9-738. And with respect to any claim for unemployment benefits, such a claim must first be presented to the Maryland Department of Labor, Licensing and Regulation and then appealed to a Maryland circuit court. *See* Md. Code Ann., Lab. & Empl. § 8-5A-12. Thus, even if Plaintiff's Complaint alleged that she initiated these claims through the appropriate state agencies and wished to appeal those decisions, this Court would be without power to consider them. Wal-Mart's Motion to Dismiss any claims with respect to a denial of unemployment or workers' compensation benefits must therefore be granted.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Sur-Reply, ECF No. 17, is **DENIED**, and Wal-Mart's Motion to Dismiss, ECF No. 8, is **GRANTED**.

Dated: February 3 , 2016

_____
GEORGE J. HAZEL
United States District Judge