IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| MONICA JEFFRIES, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-473 |
| WAL-MART STORES EAST, LP | * | |
| Defendant. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

MEMORANDUM OPINION

Presently pending before the Court is a motion to dismiss the Amended Complaint filed

by Plaintiff Monica Jeffries against her former employer, Defendant Wal-Mart Stores East, LP

("Wal-Mart").[1] ECF No. 23. Plaintiff, proceeding pro se, brings claims of failure-to-

accommodate, retaliation, and wrongful discharge against her former employer, Wal-Mart, for

purported violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112  *et seq.*

The Court has reviewed the record and deems a hearing unnecessary. *See* Loc. R. 105.6 (D. Md.

2016). For the reasons stated herein, Wal-Mart's motion to dismiss is granted.

I.      BACKGROUND

According to the Amended Complaint, Wal-Mart terminated Plaintiff from her

employment in 2013, during which time she was suffering from Stage III breast cancer, the side

effects of chemotherapy treatment, and a work-related blunt-force injury to the forefront of her

---

[1] Plaintiff's initial Complaint was dismissed without prejudice on February 3, 2016. ECF Nos. 20 and 21.

leg.[2] ECF No. 22 at 2.[3] Plaintiff alleges that Wal-Mart was aware of Plaintiff's breast cancer prior to hiring her and during her tenure as an employee. *Id.* at 13. Plaintiff took a medical leave of absence from January 2013 to August 2013 related to her breast cancer, chemotherapy side effects, treatment for the leg injury, depression, and pneumonia. *Id.* at 4. Plaintiff alleges that she contacted Wal-Mart at "all relevant times" to inform the company of her health status from the time of her leave until her termination. *Id.* at 4. She claims that Wal-Mart refused to enter into the "required interactive process" to accommodate her disability, and wrongfully discharged her "for absolutely no reason, except in retaliation because, plaintiff filed a grievance against the defendants" for worker's compensation and unemployment benefits. *Id.* at 3-4.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination and retaliation.[4] ECF No. 1-4. She received a right to sue notice from the EEOC on January 29, 2015, which instructed her that she had ninety days to file a lawsuit in federal court. ECF No. 1-5. Plaintiff filed her initial Complaint in this Court on February 18, 2015, and Wal-Mart moved to dismiss the Complaint on May 27, 2015. ECF Nos. 1 & 8. On June 16, 2015, Plaintiff filed a "Memorandum of Law in Support of her Motion to Dismiss Defendants Motion to Dismiss Plaintiffs Complaint," which the Court construed as a response in opposition to Wal-Mart's Motion to Dismiss. ECF No. 10. Wal-Mart filed its reply on June 26, 2015. ECF No. 15. Plaintiff then filed a Motion for Leave to File a Surreply, ECF No. 17, which Wal-Mart opposed. ECF No. 18. On February 3, 2016, the

---

[2] As it did in moving to dismiss Plaintiff's original Complaint, Wal-Mart again contends that its employment records indicate that Plaintiff was terminated in September 2014 and "[t]hus, Walmart does not dispute the timeliness of Plaintiff's filing of her underlying administrative charge or this action." ECF No. 23-1 at 2 n.2.

[3] All pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[4] Plaintiff dated the EEOC charge of discrimination form "February 15, 2015." ECF No. 1. This appears to be incorrect in light of the fact that Plaintiff subsequently received a right to sue notice from the EEOC on January 29, 2015. ECF No. 1.

Court denied Plaintiff's Motion for Leave to File a Surreply and granted Wal-Mart's motion to dismiss without prejudice, allowing Plaintiff to amend her initial Complaint in order to add factual allegations to satisfy the requirements for pleading a claim under the ADA. *See* ECF No. 20.

Plaintiff filed her Amended Complaint on March 7, 2016, and Wal-Mart moved to dismiss the Amended Complaint on March 10, 2016. ECF Nos. 22, 23. On March 22, 2016, Plaintiff filed her opposition to Wal-Mart's motion to dismiss, and Wal-Mart filed its reply on April 1, 2016. ECF Nos. 25, 26. On April 27, 2016, Plaintiff again filed a motion for leave to file a surreply, ECF No. 28, which Wal-Mart opposed, ECF No. 29.

## II.    MOTION FOR LEAVE TO FILE SURREPLY

The first issue to be considered is whether Plaintiff's motion for leave to file a surreply should be granted. "As a general rule, this Court will not allow parties to file sur-replies." *See Nicholson v. Volkswagen Grp. of Am., Inc.*, No. RDB-13-3711, 2015 WL 1565442, at *3 (D. Md. Apr. 7, 2015) (citing Loc. R. 105.2.a (D. Md. 2001)); *MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. RDB-12-2109, 2013 WL 1224484, at *6 (D. Md. Mar. 26, 2013)). "A party moving for leave to file a surreply must show a need for a surreply." *Id.* (citing Loc. R. 105.2.a (D. Md. 2001)). The Court may, however, permit a plaintiff to file a surreply if "a defendant raises new legal issues or new theories in its reply brief." *Id.* (citing *TECH USA., Inc. v. Evans*, 592 F. Supp. 2d 852, 862 (D. Md. 2009)). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *MTB Servs.*, 2013 WL 1224484, at *6; *see also Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).

3

Here, Wal-Mart's reply does not introduce any new facts, legal issues, or theories. Plaintiff has shown no need to file a surreply, and Plaintiff's motion is therefore denied.

## III.   MOTION TO DISMISS

### A.  Standard of Review

Wal-Mart has moved to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be more than "labels and conclusions . . . [they] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (alterations in original). Although pleadings of self-represented litigants must be liberally

4

construed, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), liberal construction does

not give the court license to ignore a clear failure to allege facts that set forth a cognizable claim.

*See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

**B. Discussion**

Plaintiff's Amended Complaint raises three distinct causes of action: (1) failure-to-

accommodate under the ADA; (2) retaliation under the ADA; and (3) wrongful discharge under

the ADA. The Court will consider each in turn.

**1. Failure-to-Accommodate**

In a failure-to-accommodate case under the ADA, a plaintiff establishes a prima facie

case by pleading facts demonstrating "(1) that [s]he was an individual who had a disability

within the meaning of the statute; (2) that the [employer] had notice of [her] disability; (3) that

with reasonable accommodation [s]he could perform the essential functions of the position; and

(4) that the [employer] refused to make such accommodations." *Rhoads v. F.D.I.C.*, 257 F.3d

373, 387 n.11 (4th Cir. 2001) (quoting *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6

(2d Cir. 1999)).

Although the Amended Complaint is not a model of clarity, interpreting the facts in the

light most favorable to Plaintiff, her breast cancer qualifies as a disability under the ADA. An

individual is within the ADA's protected class if she is "a qualified individual with a disability."

42 U.S.C. § 12112. "The ADA defines 'disability' as a physical or mental impairment that

substantially limits one or more of the major life activities of an individual, a record of such an

impairment, or being regarded as having such an impairment." *Haulbrook v. Michelin N. Am.*,

252 F.3d 696, 702–03 (4th Cir. 2001) (citing 42 U.S.C. § 12102(2)). "A major life activity []

includes the operation of a major bodily function, including but not limited to, functions of the

immune system, [and] normal cell growth . . . ." 42 U.S.C. § 12102(2)(B). The EEOC's interpretive guidance specifies cancer as one of the "types of impairments [that] will, at a minimum, substantially limit the major life activities indicated," because cancer "substantially limits normal cell growth." 29 C.F.R. § 1630.2(j)(3)(iii); *see also Katz v. Adecco USA, Inc.*, 845 F. Supp. 2d 539, 548 (S.D.N.Y. 2012) ("Cancer will virtually always be a qualifying disability.") (citations and internal quotation marks omitted); *Angell v. Fairmount Fire Prot. Dist.*, 907 F. Supp. 2d 1242, 1250 (D. Colo. 2012) (citation and internal quotation marks omitted) ("[I]t should easily be concluded that . . . cancer substantially limits [the major life activity of] normal cell growth and accordingly, constitutes a disability."). Plaintiff alleged that "her immune system became extremely fragile which required her to stay off from work." ECF No. 22 at 5. Thus, Plaintiff's breast cancer qualifies as a disability under the ADA.

As to the second element of her failure-to-accommodate claim, construing Plaintiff's Amended Complaint liberally and accepting all facts as true, Plaintiff sufficiently pleads that Wal-Mart had notice of her disability. Plaintiff alleges that "at all relevant times [she] kept the defendants abreast of the status of her health . . . in the form of monthly disability slips, phone calls, and in store visits." ECF No. 22 at 2–3. She also contends that "[a]t all relevant times and certainly prior to actual hiring of plaintiff, [Wal-Mart] was put on notice of Plaintiffs [sic] condition and [she] continued to put [Wal-Mart] on notice during her entire tenure with Wal-Mart, and such notice was verbal and written." *Id.* at 13. Although these statements lack further corroborative factual support, such as dates or the content of her correspondence, particularly considering Plaintiff's pro se status, they suffice to show that Wal-Mart had notice of her disability.

With respect to the third and fourth elements, however, Plaintiff fails to allege the requisite facts necessary to state a plausible claim for relief. As to the third element, Plaintiff fails to allege that with reasonable accommodation she could have performed the essential functions of her position. The third element of the failure-to-accommodate analysis consists of two prongs: whether the specific accommodation requested was reasonable and whether, if the requested accommodation was provided, the plaintiff could perform the essential functions of the position. *Jacobs v. N.C. Admin. Office of the Cts.*, 780 F.3d 562, 579–80 (4th Cir. 2015). A reasonable accommodation is one that "enables [a qualified] individual with a disability . . . to perform the essential functions of [a] position." *Id.* (quoting 29 C.F.R. § 1630.2(*o*)(1)(ii)). Reasonable accommodations may comprise "job restructuring, part-time or modified work schedules," 42 U.S.C. § 12111(9)(B), and "permitting the use of accrued paid leave or providing additional unpaid leave for necessary treatment," 29 C.F.R. § 1630.2(o). Plaintiff's request for extension of leave and a change in work schedule to accommodate obtaining further treatment would be considered reasonable accommodations. *See* ECF No. 22 at 7.

Yet even if Plaintiff properly communicated these requests to Wal-Mart, Plaintiff fails to allege whether, if the requested accommodation was provided, she could perform the essential functions of the position. Plaintiff's only attempt to meet this aspect of the failure-to-accommodate claim is a conclusory statement in which she asserts that she "would have been able to perform the essential functions of her job." *Id.* at 5. Plaintiff never identifies in the Amended Complaint what the essential functions of her job entailed or how the accommodation would help her meet them, and Plaintiff's unsubstantiated assertion cannot suffice to plead her claim. Courts in this district have made clear that "[w]ithout even a cursory description of what kind of work the Plaintiff does, [s]he has simply recited the elements of the cause of action," and

"failed to meet the plausibility standard announced in *Twombly* and *Iqbal*." *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 623 (D. Md. 2014); *see also Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 318 (D. Md. 2015). Thus, Plaintiff has not pled that with reasonable accommodation she could perform the essential functions of her position.

Lastly, Plaintiff fails to show that Wal-Mart refused to make such accommodations. Although Plaintiff alleges that "Walmart refused to extend any leave as an [sic] reasonable accommodation . . . [and] to change plaintiffs [sic] shift hours so that she could obtain treatment," ECF No. 22 at 9,  Plaintiff later admits that "Walmart never entered into the 'required interactive process' to even see what[,] if any reasonable accommodations were needed." *Id.* at 14. Without any additional facts to show that Wal-Mart considered Plaintiff's suggested accommodations but refused to implement them, Plaintiff cannot meet the fourth element of her claim. *See Rubino*, 44 F. Supp. 3d at 623. Thus, Plaintiff's ADA failure-to-accommodate claim must be dismissed.

### 2. Retaliation

The ADA's retaliation provision specifies that, "[n]o person shall discriminate against any individual because such individual . . . made a charge . . . under this chapter." 42 U.S.C. § 12203(a). "To establish a prima facie retaliation claim under the ADA, a plaintiff must prove (1) [s]he engaged in protected conduct, (2) [s]he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012). Although Plaintiff alleges that she suffered an adverse action—termination—she has failed to allege any other element of a retaliation claim. The exact timeline of events is unclear, but Plaintiff appears to allege that her filing a worker's compensation claim constitutes protected conduct, and that the filing of that claim was the

retaliatory impetus for her termination. *See* ECF No. 22 at 3 ("[Wal-Mart] 'wrongfully

terminated' plaintiff for absolutely no reason, except in retaliation because, plaintiff filed a

grievance against the defendants, and eventually won both her Workers Compensation case []

and Unemployment Benefits."). Elsewhere, Plaintiff also contends that "Defendant after plaintiff

filed for 'workers compensation and unemployment benefits' decided to terminate plaintiffs

employment." ECF No. 25 at 9. However, "[t]he ADA's retaliation provision only prohibits

retaliation against a person because the person . . . 'made a charge, testified, assisted or

participated in any manner in an investigation, proceeding, or hearing under [the ADA].'"

*Reynolds*, 701 F.3d at 154 (citing 42 U.S.C. § 12203(a)). As the Fourth Circuit noted in

*Reynolds*, "[f]iling a workers' compensation claim is not something that is covered by the ADA,

but rather by retaliation provisions under state law." *Id*. Thus, Plaintiff's ADA retaliation claim

must be dismissed.

### 3.  Wrongful Discharge

Lastly, Plaintiff alleges wrongful discharge under the ADA, which requires proof that:

"(1) [s]he is within the ADA's protected class; (2) [s]he was discharged; (3) at the time of [her]

discharge, [s]he was performing the job at a level that met [her] employer's legitimate

expectations; and (4) [her] discharge occurred under circumstances that raise a reasonable

inference of unlawful discrimination." *Haulbrook*, 252 F.3d at 702. Plaintiff satisfies the first

two elements of a wrongful discharge claim because, first, as noted above, Plaintiff's alleged

breast cancer qualifies as a disability under the ADA, and, second, she was discharged by Wal-

Mart. However, Plaintiff fails to satisfy the last two elements of the claim. Aside from self-

promoting statements about the quality of her work performance, such as that she "was a team

player, attentive, [and] did her job very well," Plaintiff provides no unbiased factual support for

her assertion that she was meeting Wal-Mart's legitimate expectations as an employee. ECF No. 22 at 10. Plaintiff fails to plead any facts that show Wal-Mart considered her to be a satisfactory employee, and Plaintiff's own testimony, of course, cannot establish that she was meeting Wal-Mart's expectations. *See Rubino*, 44 F. Supp. at 623 ("It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff.") (quoting *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960–61 (4th Cir. 1996)); *see also King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003).

Similarly, as to the fourth element, Plaintiff fails to plead facts that would allow for a reasonable inference of unlawful discrimination. Plaintiff's single allegation regarding this aspect of the wrongful discharge claim is that on the day she called to find out when she could return to work, she was "'wrongfully terminated' [] for absolutely no reason." ECF No. 22 at 3. Without pleading additional facts about the circumstances surrounding the discharge, Plaintiff fails to establish that the discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995), *as amended* (June 9, 1995), *as amended* (Mar. 14, 2008) (explaining that the Plaintiff must show a direct link between the discharge and the circumstances that would permit an inference of discrimination, and noting that "[t]he building of one inference upon another will not create a genuine issue of material fact."). Thus, Plaintiff's ADA wrongful discharge claim must be dismissed.[5]

---

[5] Wal-Mart also responded to possible claims for worker's compensation and unemployment benefits. These claims are not part of Plaintiff's argument, as she states, "Workers compensation and Unemployment [benefits] has nothing to do with this motion." ECF No. 25-1 at 10. Regardless, as this Court ruled in dismissing the initial complaint, such claims are not properly presented to this Court. ECF No. 20 at 7–8.

IV.     **CONCLUSION**

"[D]ismissal with prejudice is proper if there is no set of facts the plaintiff could present to support h[er] claim." *Hinks v. Bd. of Educ. of Harford Cty.*, No. WDQ-09-1672, 2010 WL 5087598, at *2 (D. Md. Dec. 7, 2010) (citing *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008)). Plaintiff has already received an opportunity from this Court to amend her Complaint. ECF No. 20. In her second attempt, Plaintiff fails to allege new facts that sufficiently "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009) (internal citations and quotations omitted). Therefore, Wal-Mart's motion to dismiss, ECF No. 23, is **GRANTED**, and this action is **DISMISSED** with prejudice. A separate Order follows.

Dated: July ___11___, 2016

GEORGE J. HAZEL
United States District Judge